O

# United States District Court
# Central District of California

CIT BANK, N.A. ET AL.,

    Plaintiffs,

vs.

WESTCHESTER FIRE INSURANCE COMPANY ET AL.,

    Defendants.

Case № 2:18-CV-09742-ODW (PJW)

**ORDER DENYING PLAINTIFFS' MOTION TO REMAND [23]**

## I. INTRODUCTION

Plaintiffs, CIT BANK, N.A. and CIT GROUP INC. (collectively, "CIT"), initiated the instant action for declaratory relief, breach of contract, and bad faith relating to an insurance dispute in Los Angeles County Superior Court on September 13, 2018. (Notice of Removal Ex. C, ECF No. 1-1.) On November 19, 2018, Defendant Westchester Fire Insurance Company ("Westchester") removed the action to this Court. (*Id.* at 1.) CIT seeks to remand on the basis that removal was untimely under 28 U.S.C. § 1446(b). (Mot. to Remand ("Mot."), ECF Nos. 22–23.) For the following reasons, CIT's Motion to Remand is **DENIED**.[1]

---

[1] After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On September 13, 2018, CIT initiated the instant action and mailed the Summons and Complaint to each of the Defendants by certified mail, return receipt requested the next day. (Decl. of Malinda Ochoa ("Ochoa Decl.") ¶ 3, Exs. A–D, ECF Nos. 24, 24-1, 24-2, 24-3, 24-4.) As it relates to Defendant Westchester, on September 18, 2018, the Summons and Complaint were delivered to "Christina Smith Senior Claim Director Chubb North America, P.O. Box 5105, Scranton, PA 18505-0518." (*Id.* ¶ 4, Ex. B.) However, Christina Smith ("Ms. Smith") did not sign the return receipt, and it is unclear who signed for it. (Decl. of Christina Smith ("Smith Decl.") ¶ 9, ECF No. 30-9.) On October 25, 2018, Westchester, through its attorney Ralph Guirgis, signed and returned the Notice of Acknowledgement of Receipt of the Summons and Complaint. (Ochoa Decl. ¶ 5, Ex. B.)

Ms. Smith is not and has never been an employee of Westchester. (Smith Decl. ¶ 2.) However, Ms. Smith was the claims adjuster of the insurance policy that is the subject of this lawsuit. (Decl. of Arlene Lasagna, ("Lasagna Decl.") ¶ 3, Ex. E, ECF Nos. 25, 25-1.) In its Motion, CIT contends that service on Ms. Smith was proper under California Code of Civil Procedure ("CCP") sections 415.40 and 416.10 because Ms. Smith was an agent, general manager, or an ostensible agent of Westchester. (Mot. 7.) Thus, CIT argues, the deadline for removal started on September 18, 2018, and removal was untimely because the Notice of Removal was filed after the 30-day deadline. (Mot. 4.)

In opposition, Westchester argues that service was not effected on Westchester until October 25, 2018, when Mr. Guirgis signed and returned the Notice of Acknowledgement of Receipt of the Summons and Complaint. (Opp'n to Mot. ("Opp'n") 9–19, ECF No. 30.) Westchester argues that service was effected under CCP section 415.30, making its removal on November 19, 2018, timely.[2] (*Id.* at 9.)

---

[2] CCP section 415.30 provides: "(a) A summons may be served by mail as provided in this section. A copy of the summons and of the complaint shall be mailed (by first-class mail or airmail, postage prepaid) to the person to be served, together with two copies of the notice and acknowledgment

## III. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under 28 U.S.C. § 1441(a), a party may remove a civil action brought in state court to a district court only if the plaintiff could have originally filed the action in federal court. Thus, removal is proper only if the district court has original jurisdiction over the issues alleged in the state court complaint. There is a strong presumption that the Court is without jurisdiction until affirmatively proven otherwise. *See Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1190 (9th Cir. 1970). When an action is removed from state court, the removing party bears the burden of demonstrating that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Under the diversity statute, 28 U.S.C. § 1332, a federal district court has original jurisdiction when the parties are completely diverse and the amount in controversy exceeds $75,000. Pursuant to 28 U.S.C. § 1441(a) and (b), a defendant may remove an action from state court to federal court if the diversity and amount in controversy requirements are satisfied.

The notice of removal must be filed within 30 days after receipt of the summons or complaint through service of process. 28 U.S.C. § 1446(b)(1). Further, "[i]f defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(C). Service of process is governed by state law. *See Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). Finally, a plaintiff objecting

---

provided for in subdivision (b) and a return envelope, postage prepaid, addressed to the sender. . . . (c) Service of a summons pursuant to this section is *deemed complete on the date a written acknowledgment of receipt of summons is executed*, if such acknowledgement thereafter is returned to the sender." Cal. Civ. Proc. Code § 415.30 (emphasis added). Therefore, if service was effected by CCP section 415.30 as Westchester contends, then the 30-day time limit for removal began on October 25, 2018, when Mr. Guirgis executed the notice of acknowledgement of receipt.

to removal may move for remand due to lack of subject matter jurisdiction or another defect, such as the timeliness of removal. *See* 28 U.S.C. § 1447(c).

## IV. DISCUSSION

CIT seeks remand contending that Westchester's removal was untimely because CIT served Westchester on September 18, 2018, via Ms. Smith, in compliance with CCP sections 415.40 and 416.10. Westchester contends that removal was timely because the 30-day deadline for removal began on October 25, 2018, pursuant to service under CCP section 415.30.

### A. Westchester Was Not Served Under CCP Sections 415.40 or 416.10

CIT contends that it complied with CCP sections 415.40 and 416.10 in serving Ms. Smith. CCP section 415.40 provides in pertinent part:

> A summons may be served on a person outside this state in any manner provided by this article or by sending a copy of the summons and of the complaint *to the person to be served* by first-class mail, postage prepaid, requiring a return receipt. Service of a summons by this form of mail is deemed complete on the 10th day after such mailing.

Cal. Civ. Proc. Code § 415.40 (emphasis added). As Westchester is a corporate entity, CIT was also required to comply with CCP section 416.10, which states that a party can serve a corporation by delivering a copy of the summons and complaint "[t]o the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process." Cal. Civ. Proc. Code § 416.10. In deciding whether service is valid, the statutory provisions regarding service of process are to be liberally construed if actual notice has been received by the defendant. *Pasadena Medi-Center Assocs. v. Superior Court*, 9 Cal. 3d 773, 778 (1973). Therefore, if CIT complied with the provisions of CCP sections 415.40 and 416.10, then service could have been proper. This is not the case here.

As an initial matter, CIT did not send the Summons and Complaint to Westchester. (Ochoa Decl. ¶ 3, Ex. B.) CIT sent them to Ms. Smith. (*Id.*) Further, CIT addressed service of process to Ms. Smith at "Chubb North America." (*Id.*) Even assuming Ms. Smith was authorized to sign for and accept service on Westchester's behalf, she did not do so. (Smith Decl. ¶ 9.) Instead, an unknown individual at Chubb North America signed for the package. (*See id.*) Absent evidence to the contrary, it is highly unlikely that the individual at Chubb North America was authorized to accept service of process on Westchester's behalf.

The case of *Dill v. Berquist Constr. Co.*, 24 Cal App. 4th 1426 (1994), is instructive. There, the court held that the plaintiff did not substantially comply with California's service of process statutes when he mailed the summons and complaint directly to the defendant corporations without addressing it to an individual to be served under CCP section 416.10. *Id.* at 1436. The return receipts for both mailings were signed by individuals who were employees of each corporation, but not necessarily agents. *Id.* at 1432. The court noted that strict compliance with California's service of process statutes is not required, and Dill "could be held to have substantially complied with the statute if, despite his failure to address the mail to one of the persons to be served [under CCP section 416.10] on behalf of the defendants, the summons was actually received by one of the persons to be served." *Id.* at 1437. However, "[a]gents are not fungible. . . . [T]hat a person is authorized to receive mail on behalf of a corporation and to sign receipts acknowledging the delivery of that mail does not mean that the same person is authorized by the corporation to accept service of process." *Id.* at 1438. Although there was evidence that counsel for the defendant acknowledged receipt of summons, the court held that Dill had not substantially complied with California's service of process statutes. *Id.* "[E]ven if the attorney had expressly admitted receipt by someone, the mere fact that some employee of the corporation received the summons does not necessarily establish substantial compliance. Rather,

there must be evidence 'establishing actual delivery to the person to be served.'" *Id.* at 1438–39 (quoting Cal. Civ. Proc. Code § 417.20(a)).

Similarly, here CIT attempted to serve Westchester by mailing the summons and complaint to Christina Smith, whom CIT claims is an agent of Westchester. Although CIT addressed the summons and complaint to an individual, CIT addressed the summons to an individual at "Chubb North America" and not Westchester, and the individual to whom it was addressed was not the proper individual under CCP section 416.10. Ms. Smith is an employee of ACE American Insurance Company ("ACE") and *not* Westchester. (Smith Decl. ¶ 1.) Similar to *Dill*, that someone is authorized to sign for the mail does not mean they are authorized to accept service of process on behalf of the company. Accordingly, CIT did not substantially comply with CCP sections 415.40 or 416.10, and the September 18, 2018, attempt at service was ineffective.

### B. Christina Smith is Not an Agent, General Manager, or Ostensible Agent of Westchester

Even assuming the Summons and Complaint were actually delivered to Ms. Smith, a question remains as to whether Ms. Smith was the proper person to serve under CCP section 416.10. CIT argues that Ms. Smith was at least an ostensible agent of Westchester, bringing her within the statute. (Mot. 7.)

Under California law, "service on a person who was ostensibly, even if not actually, a corporate officer is sufficient under [CCP] section 416.10." *Gibble v. Car-Lene Research, Inc.*, 67 Cal. App. 4th 295, 313 (1998). California Civil Code section 2300 defines ostensible agency as "when the principal intentionally, or by want of ordinary care, causes a third person to believe another to be his agent who is not really employed by him." Cal. Civ. Code § 2300. "An agent acting within his apparent or ostensible authority binds the principal where the principal has intentionally or negligently allowed others to believe the agent has authority." *C.A.R. Transp. Brokerage Co., Inc. v. Darden Rests., Inc.*, 213 F.3d 474, 479 (9th Cir. 2000) (citing

*Kaplan v. Coldwell Banker Residential Affiliates, Inc.*, 59 Cal. App. 4th 741, 747 (1997)).

Although ostensible authority cannot be based solely on the agent's conduct, the principal need not make explicit representations to the third party regarding the agent's authority for ostensible agency to be found. *Id.* at 480. Ostensible authority may be proven in a number of ways. *See Am. Cas. Co. v. Krieger*, 181 F.3d 1113, 1121 (9th Cir. 1999) (discussing that ostensible authority could be found if the principal knows the agent holds himself out with certain authority, yet remains silent); *Kaplan*, 59 Cal. App. 4th at 747 (discussing that ostensible authority can be proven through the principal's representations to the public in general); *Kelly v. R. F. Jones Co.*, 272 Cal. App. 2d 113, 120 (1969) (discussing that ostensible authority may be proven through the evidence of the principal transacting business solely through the agent); *Correa v. Quality Motor Co.*, 118 Cal. App. 2d 246, 251 (1953) (discussing that ostensible authority can be found through the customs and usages of the particular trade in question). None apply here.

Westchester does not conduct business solely through Ms. Smith—she is not an employee of Westchester. Ms. Smith has never held herself out as an agent of Westchester. (*See* Smith Decl. ¶ 8 ("At no time did I inform plaintiffs or anyone acting on their behalf that I am a corporate officer or general manager of Westchester or any other entity or that I could or would accept service of process in this matter on behalf of any company, including Westchester.").) Likewise, the letter of March 9, 2016, gives no impression that Ms. Smith had the ostensible authority to accept service on behalf of Westchester. (Lasagna Decl. ¶ 3, Ex. E.) The letter simply advised CIT that the underlying insurance matter was assigned to Ms. Smith as the *claims adjuster* and to address correspondence to her *relating to the potential insurance claim*. (*Id.*)

Further, no evidence exists that Westchester ever represented to the public that Ms. Smith was authorized to accept service on its behalf. CIT's contention that Ms. Smith is of sufficient character and rank to make it reasonably certain that *Chubb* would

be apprised of service is irrelevant to CIT's argument that Ms. Smith is an ostensible agent of *Westchester*. As such the Court finds the evidence insufficient to conclude that Ms. Smith was an ostensible agent of Westchester, and even if she was, as explained above, this is not sufficient for her to accept service on Westchester's behalf.

CIT's mailing of the Summons and Complaint on September 13, 2018, was not proper to effectuate service on Westchester. Accordingly, service was effected on October 25, 2018, when Mr. Guirgis signed and returned the Notice of Acknowledgement of Receipt of the Summons and Complaint. Thus, removal within thirty days of that service was proper.

## V. CONCLUSION

For the foregoing reasons, CIT's Motion to Remand is **DENIED**. Additionally, the Court sets a Scheduling Conference for **June 10, 2019 at 1:30 p.m.** The parties shall submit a joint report as identified in its previous order (ECF No. 16).

**IT IS SO ORDERED.**

March 29, 2019

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**